

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-10-282-CR

DAWN IGLESIAS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On June 1, 2010, Appellant Dawn Iglesias pleaded guilty to aggravated assault and was sentenced to four years' confinement. On the same day, the trial court entered its Certification of Defendant's Right of Appeal in accordance with Rule 25.2(a)(2). Tex. R. App. P. 25.2(a)(2). The certification states that this criminal case "is a plea-bargained case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." On June 24, 2010, Appellant filed a notice of appeal. On July 13, 2010, we notified

---

[1] *See* Tex. R. App. P. 47.4.

Appellant's counsel that the certification indicating his client had no right to appeal had been filed in this court and that this appeal could be dismissed unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 44.3. To date, we have received no response showing any grounds for continuing the appeal.

Rule 25.2(a)(2) limits the right of appeal in a plea bargain case to matters that were raised by written motion filed and ruled on before trial or to cases in which the appellant obtained the trial court's permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification denied permission to appeal, and Appellant does not challenge a pretrial ruling on a written motion or the validity of her waiver of the right to appeal such a motion. Accordingly, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 27, 2010

2